UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| LINda A. ISHAK ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 08-CV-2832 |
| vs. ) | |
| ) | Judge John A. Nordberg |
| CORPORATE RECEIVABLES, INC. an Arizona ) | |
| corporation ) | Magistrate Judge Geraldine Soat Brown |
| ) | |
| Defendant. ) | |

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

NOW COMES Defendant, CORPORATE RECEIVABLES, INC. ("CRI"), by its attorneys Clark Hill PLC, and for its Answer and Affirmative Defenses to the Complaint of Plaintiff LINDA A. ISHAK' ("Plaintiff" or "Ishak"), states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to §1692k(d) of the FDCPA, and 28 U.S.C. §1331.

   **ANSWER: CRI neither admits nor denies the legal conclusions of this Paragraph.**

2. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

   **ANSWER: CRI neither admits nor denies the legal conclusions of this Paragraph.**

### PARTIES

3. Plaintiff, Linda A. Ishak ("Ishak"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed to HSBC Bank Nevada, NA.

   **ANSWER: CRI has insufficient information to admit or deny Plaintiff's citizenship or residence.  CRI has insufficient information to admit or deny whether the debt**

**was a consumer debt and therefore denies the same and demands strict proof thereof. CRI admits the remaining allegations of this Paragraph.**

4.   Defendant, Corporate Receivables, Inc. "(CRI")", is an Arizona corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, CRI was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

**ANSWER: CRI neither admits nor denies any legal conclusions stated in this Paragraph and has insufficient information to admit or deny whether Plaintiff's debt was a consumer debt and therefore denies the same and demands strict proof thereof. Further answering, CRI admits that it collects debts, including consumer debts in Illinois.**

## FACTUAL ALLEGATIONS

5.   Defendant CRI sent Ms. Ishak form collection letters, dated May 31, 2007 and July. 8, 2007, which both stated, in pertinent part:

NOTICE OF IMPORTANT RIGHTS

YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VAUD FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR.

These letters are attached as Exhibits A and E., respectively.

**ANSWER: CRI admits that the letters attached to Plaintiff's Complaint were sent and include this provision under the section titled "IMPORTANT CONSUMER INFORMATION OF RESIDENTS OF STATES LISTED BELOW" and the subsection "MASSACHUSETTS".**

6. All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

**ANSWER: CRI has insufficient information to admit or deny the allegations of this Paragraph, as Plaintiff's Complaint does not define "collection actions at issue". Accordingly, CRI neither admits nor denies this Paragraph and demands strict proof thereof.**

7. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See*, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

**ANSWER: CRI neither admits nor denies the legal conclusions of this Paragraph.**

### COUNT I

### Violation Of §1692c(a)(3) Of The FDCPA
### Wrongly Requiring Consumers To Make A Written Request
### To Not Be Called At Work

8. Plaintiff adopts and realleges ¶¶1-7.

**ANSWER: CRI adopts its Answers to Paragraphs 1-7.**

9. Section 1692c(a)(3) of the FDCPA prohibits a debt collector from calling consumers at work if the debt collector knows, or has reason to know, that the consumer cannot take calls at work — without regard to whether the consumer has notified the debt collector in writing or on the telephone, *see* 15 U.S.C. § 1692c(a)(3).

**ANSWER: CRI neither admits nor denies the legal conclusions of this Paragraph.**

10. Defendant overshadowed, and thus rendered ineffective, this provision of the FDCPA by improperly limiting oral notifications (to not call consumers at work) to ten days and requiring consumers to confirm any oral notifications (to not call consumers at work) in writing, in order to avoid future calls from Defendant at the consumer's workplace. In fact, there is no such requirement under the FDCPA that consumers confirm, in writing, a directive to not call the consumer at work, or limiting the effect of an oral notification to only ten days unless confirmed in writing.

**ANSWER: CRI denies the allegations of this Paragraph.**

11.     Defendant's violation of § 1692c(a)(3) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. *See*, 15 U.S.C. § 1692k.

**ANSWER: CRI denies the allegations of this Paragraph.**

## COUNT II
## Violation Of § 1692e Of The FDCPA
## Making A False Statement

12.     Plaintiff adopts and realleges ¶¶1-7.

**ANSWER: CRI adopts its Answers to Paragraphs 1-7.**

13.     Section 1692e of the FDCPA prohibits a debt collector from using any false and/or deceptive or misleading representations or means In connection with the collection of a debt, *see* 15 U.S.C. § 1692e.

**ANSWER: CRI neither admits nor denies the legal conclusions of this Paragraph.**

14.     Defendant, in violation of § 1692e of the FDCPA, falsely stated in its letter that any oral request by a consumer that he/she is not to be called at work would only be valid for 10 days, unless confirmed in writing by the consumer within 7 days, when, in fact, the FDCPA does not require that consumers put such an oral notification into writing to the debt collector to prevent future calls to the consumer's workplace.

**ANSWER: CRI denies the allegations of this Paragraph.**

15.     Defendants violation of § 1692e of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**ANSWER: CRI denies the allegations of this Paragraph.**

-5-

## **AFFIRMATIVE DEFENSES**

1. Any violation(s) of the Fair Debt Collection Practices Act or other statute was unintentional and the result of a bona fide error, notwithstanding the maintenance of reasonable procedures and measure adopted to prevent any such violation.

2. Plaintiff has failed to state a claim upon which relief can be granted and has suffered no actionable damages due to the alleged actions of Defendant CRI.

3. Plaintiff is barred and otherwise estopped from asserting this claim.

Wherefore, Defendant Corporate Receivables, Inc. respectfully requests this Court enter judgment in its favor and against Plaintiff Linda Ishak, enter an award of fees and costs to Defendant and any further legal or equitable relief this Court deems just.

Respectfully submitted,

Corporate Receivables, Inc.

By:   /s/ William Kent Carter
         One of Its Attorneys

W. Kent Carter (wcarter@clarkhill.com)
Jessica M. Scheller (jscheller@clarkhill.com)
Clark Hill PLC
150 N. Michigan, Suite 2400
Chicago, IL 60601
Tel. (312) 985-5900
Fax  (312) 985-5999

-5-

5627809.2 29314/123817